UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID HOFFMAN, ET AL.,    ) | |
|                                      ) | |
|         PLAINTIFFS    ) | |
|                                      ) | |
| v.                                   ) | CIVIL NO. 09-79-B-H |
|                                      ) | |
| STATE OF CONNECTICUT, ET AL.,  ) | |
|                                    ) | |
|        DEFENDANTS    ) | |

### ORDER AFFIRMING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND ORDER TO SHOW CAUSE

Upon *de novo* review, I **AFFIRM** the Magistrate Judge's Recommended Decision to dismiss the complaint against the defendants Farrell, Martinez and Rosario for lack of personal jurisdiction, and have nothing to add to her explanation.

Upon *de novo* review, I also **AFFIRM** her Recommended Decision to dismiss the sole federal claim. I agree with her reasoning, but add the following: Count II, invoking 42 U.S.C. § 1983, is the plaintiffs' only federal claim. It charges a substantive due process violation, arising out of alleged manipulation of state civil process and a false affidavit.

Since Section 1983 provides relief only against persons and since "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), Count II cannot lie against the State of Connecticut or the Connecticut

Department of Consumer Protection. See Wang v. New Hampshire Bd. of Registration in Med., 55 F.3d 698, 700 (1st Cir. 1995) (noting that "it is well settled 'that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action'") (quoting Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991)).

The plaintiffs also sued the individual defendants in their individual and official capacities on the federal claim. The Magistrate Judge properly found that the conduct of which they are accused, although inappropriate and even wrongful, does not rise to the level of a violation of substantive due process.[1] Moreover, even if it did, the allegations of the complaint do not establish that the constitutional right was clearly established such that a reasonable person in the position of the defendant Fitzsimmons (the sole individual defendant over whom there is personal jurisdiction in this matter), should have known that his actions would violate such a right.[2] Qualified immunity, therefore,

---

[1] The plaintiffs assert that Fitzsimmons swore to a false affidavit in connection with attaching Maine real estate. Such behavior by a state assistant attorney general—if it occurred—is deplorable, and could be subject to criminal penalties, bar discipline and other sanctions. A substantive due process violation is sometimes defined as behavior that is "shocking" and "egregious," and certainly as those terms are used in plain English, the conduct asserted here on the part of a state lawyer is shocking and egregious. But those terms were used to describe far more serious conduct in Rochin v. California, 342 U.S. 165 (1952), to describe forcing an emetic down a suspect's throat to induce vomiting in order to obtain evidence; and in Limone v. Condon, 372 F.3d 39 (1st Cir. 2004), to describe false evidence used to convict innocent people of the crime of first degree murder. Like the Magistrate Judge, I do not minimize the plaintiffs' economic loss or the seriousness of the alleged state actor misbehavior, but it does not rise to the same level. It also bears emphasizing that criminal conduct and tortious conduct cannot universally be converted into unconstitutional conduct. A violation of substantive due process requires something more egregious than that.

[2] Although the First Circuit has not yet decided the issue, the Seventh Circuit has expressed a reluctance to treat acts amounting to state-law torts as deprivations of substantive due process when adequate state-law remedies are available. See, e.g., Khan v. Gallitano, 180 F.3d 829, 835 (7th Cir. 1999) ("So we will not create a redundant federal right that simply mirrors the available state-law tort."); Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997)
*(continued on next page)*

requires dismissal of Count II against the defendant Fitzsimmons, removing the federal claim from the lawsuit.

Without a federal claim, there is no federal jurisdiction under 28 U.S.C. § 1331, the jurisdictional provision for federal claims. Federal jurisdiction, therefore, must be premised upon diversity of citizenship, 28 U.S.C. § 1332. But the Magistrate Judge properly recognized in footnote 3 of her Recommended Decision that a lawsuit between a state and a citizen or corporation of another state is not a suit between citizens of different states that will establish diversity of citizenship, citing State Highway Comm'n v. Utah Constr. Co., 278 U.S. 194, 200 (1929). The State of Connecticut remains a party in this lawsuit because of the state law claims against it,[3] and diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). Since jurisdiction under 28 U.S.C.

---

(holding that a plaintiff bringing a substantive due process claim predicated on a deprived property interest must show both arbitrary and irrational state action and either that the state committed a separate constitutional violation or that state law remedies are inadequate). Here, the plaintiff has not alleged that available remedies under Maine law are constitutionally inadequate. Under the unsettled state of the law covering the elements of a substantive due process violation, a reasonable state actor in Fitzsimmons's position could not know that his conduct violated a clearly established constitutional right.

[3] States and, under most circumstances, state agencies are not "citizens" for diversity purposes. Moor v. County of Alameda, 411 U.S. 693, 718 (1973); see also U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 500 (1st Cir. 2000) ("[D]iversity jurisdiction does not exist where a state is a party"). For diversity purposes, "the determinative factor is whether the state is the real party in interest" and not merely nominal. Northeast Federal Credit Union v. Neves, 837 F.2d 531, 534 (1st Cir. 1988) (quoting Krisel v. Duran, 386 F.2d 179, 181 (2d Cir. 1967) (per curiam). An attorney general bringing suit under consumer protection laws is generally considered the alter ego of the state and not a citizen for diversity purposes. See Kansas ex rel. Stovall v. Home Cable Inc., 35 F. Supp. 2d 783, 784 (D. Kan. 1998) (holding that state attorney general suing under the Kansas Consumer Protection Act was an alter ego of the state and not a citizen for diversity purposes); Missouri ex rel. Webster v. Freedom Financial Corp., 727 F. Supp. 1313, 1317 (W.D. Mo. 1989) (finding that state attorney general suing under the Missouri Merchandizing Purchasing Act was the alter ego of the state).

§ 1332 is limited to the "citizens of different States," the inclusion of Connecticut as a defendant defeats diversity jurisdiction.  See Chisholm v. United of Omaha Life Ins. Co., 514 F. Supp. 2d 318, 322 (D. Conn. 2007) (finding that the inclusion of a state agency as a defendant "destroy[ed] complete diversity"); Contreras v. Metro. Life Ins. Co., 2007 U.S. Dist. LEXIS 90295 at *12 (N.D. Cal. Nov. 29, 2007) (finding no diversity jurisdiction in case against the California Commissioner of Insurance in his official capacity); Tomback v. UnumProvident Corp., 2005 U.S. Dist. LEXIS 45688 at *7 (N.D. Cal. 2005) (finding no diversity jurisdiction due to inclusion of the California Commissioner of Insurance in a suit against diverse insurers); Batton v. Georgia Gulf, 261 F. Supp. 2d 575, 583 (M.D. La. 2003) (finding that "[n]owhere is there any provision allowing diversity jurisdiction where a non-citizen state is a party"); Jakoubek v. Fortis Benefits Ins. Co., 301 F. Supp. 2d 1045, 1049 (D. Neb. 2003) (finding that "[s]ince the State defendants are not citizens, they and the plaintiff cannot be citizens of different states" for the purposes of Section 1332); Wilkerson v. Mo. Dep't of Mental Health, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) ("The inclusion of a Missouri state agency as a defendant . . . destroys the required diversity of citizenship"). Moreover, a district court may not cure a lack of complete diversity by exercising supplemental jurisdiction.  See 28 USCS § 1367(b).

    Accordingly, the parties are hereby **ORDERED TO SHOW CAUSE** by September 30, 2009, why the remaining claims should not be remanded to state court under 28 U.S.C. § 1367(c)(3).

**SO ORDERED.**

**DATED THIS 18TH DAY OF SEPTEMBER, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**